977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Amos D. POWELL and Tracy S. Trigg, Defendant-Appellant.
 Nos. 91-3906, 91-3907.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, District Judge.[1]
 THOMAS G. HULL, District Judge.
 This is an appeal filed by co-defendants who were arrested on December 13, 1990, after defendant Tracy Trigg arranged the sale of seven ounces of cocaine at a local restaurant to special agent Wayne Dixie who was working undercover for the Ohio Bureau of Criminal Investigation. Trigg had previously sold Agent Dixie two ounces of crack cocaine on December 12, 1990.
 It is undisputed that while Trigg completed the delivery of the cocaine to Agent Dixie outside in the parking lot of the restaurant, defendant Amos Powell remained inside the restaurant where he was under observation by Agent Kurt Shearer. Upon completion of the delivery of the cocaine, both Trigg and Powell were arrested.
 Immediately after his arrest, Powell gave an incriminating statement to Special Agent Timothy Shaffner at the Middletown Police Department. Powell admitted that he had traveled to Middletown with Trigg in possession of the cocaine; that he knew the purpose of the trip; that he and Trigg had bought the cocaine from another individual at a Ponderosa Restaurant in Trotwood, Ohio; that $2,500.00 of the $5,000.00 used to purchase the cocaine was his; and that he had sold cocaine with Trigg on three other occasions.
 Trigg was subsequently charged in Count I of the indictment with the sale of crack cocaine in regard to the sale that occurred on December 12, 1990. Both Trigg and Powell were charged in Count II of the indictment with the distribution of cocaine and crack cocaine in regard to the sale on December 13, 1990. Although Trigg pled guilty to both counts of the indictment, Powell went to trial on Count II.
 Powell's motion to suppress his statement, on the basis that he was interrogated despite his request for counsel, was denied at a hearing prior to trial. At trial, both Trigg and Powell testified that Powell was not involved in the sale of the cocaine. In spite of this testimony, a verdict of guilty was returned by the jury against Powell.
 At sentencing, both Trigg and Powell were given a two-point enhancement for obstruction of justice pursuant to § 3C1.1 of the United States Sentencing Guidelines. Powell's request for a two-point reduction for acceptance of responsibility was denied by the Court.
 
 
 1
 Both Powell and Trigg appeal the enhancement of their sentences for obstruction of justice, and Powell also appeals the denial of a reduction for the acceptance of responsibility. In addition, Powell appeals the denial of his motion to suppress his statement. Each defendant's issues on appeal will be addressed separately.
 
 A. POWELL'S MOTION TO SUPPRESS ISSUE
 
 2
 Although Powell contends that he asked for counsel during the interrogation that occurred immediately after his arrest, the trial court found after hearing the testimony of the defendant as well as that of Agent Shaffner and Officer Bowling, that there were obvious conflicts in their testimony. Although Powell believed that at the time of his arrest he was transported by a non-uniformed officer in an unmarked police car, the testimony of Officer Bowling was that he, in fact, transported Powell in a marked police car, and that he wore his police uniform at that time. In addition, although Powell indicated that he was interrogated for several hours, both Officer Bowling and Agent Shaffner believed that the interview only lasted twenty minutes. Officer Bowling and Agent Shaffner also testified that Agent Shaffner advised Powell of his rights; that Powell seemed to understand those rights; and that Powell voluntarily continued the interview.
 
 
 3
 Resolving these conflicts in the evidence, the trial court specifically found that the Government had carried its burden by a preponderance of the evidence; that Powell's statement was voluntarily given; and that conflicts in the evidence should be resolved against the defendant on the basis of credibility.
 
 
 4
 Based upon the transcript of this hearing, and the trial court's findings in regard to the motion to suppress, the trial court's denial of the defendant's motion to suppress is not clearly erroneous, but is supported by the evidence in this cause. United States v. Dennis, 701 F.2d 595 (6th Cir.1983).
 
 B. POWELL'S SENTENCING ISSUES
 
 5
 At sentencing, the trial court made exact findings on page four of the final judgment that the statement Powell made at the time of his arrest to DEA agents, his testimony at the suppression hearing, and his testimony at trial were all inconsistent. The trial court specifically found that Powell's trial testimony was "incredible and not worthy of belief". Not only does this finding support the trial court's conclusion that enhancement for obstruction of justice was appropriate, U.S. v. Alvarez, 927 F.2d 300, 302-303 (6th Cir.1991), but Powell's complete disclaimer at trial of any knowledge that there was a drug transaction taking place on December 13, 1990, also precludes a two-point reduction for acceptance of responsibility. There are ample findings in this record to support the trial court's guideline determination, and the trial court's findings are not clearly erroneous. United States v. Moreno, 899 F.2d 465, 470 (6th Cir.1990).
 
 C. TRIGG'S SENTENCING ISSUES
 
 6
 Although the trial court's findings in open court in regard to the enhancement of Trigg's sentence for obstruction of justice were limited, and even though the trial court did not make a specific finding that Trigg "lied under oath about material facts", the trial court did adopt the factual findings in the presentence report on page four of the judgment entered in this cause. The addendum to Trigg's presentence report includes the finding that "[c]onsidering Powell's contemporaneous voluntary confession and the jury's decision not to believe Trigg's testimony, it is believed that Trigg lied when he testified in Powell's behalf ...". In addition, the trial court did state in open court that Trigg's testimony at trial was evasive and that Trigg did not testify truthfully about some matters at trial. These findings are sufficient to conclude that Trigg willfully impeded or obstructed, or attempted to impede or obstruct, the prosecution of this offense. Guidelines Manual, § 3C1.1. Therefore, the trial court's enhancement of Trigg's sentence for obstruction of justice is supported by the record in this cause, and the trial court's findings are not clearly erroneous.
 
 CONCLUSION
 
 7
 Accordingly, the judgment of the trial court in regard to the denial of Powell's motion to suppress, and in regard to the sentencing of both Powell and Trigg is AFFIRMED.
 
 
 
 [1]
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation